UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARANCE LE-ROND WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW L. CATE, Secretary,<br><br>    Respondent. | 1:11-CV-01139 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Bernardino, following his convictions in 2000 for arson and manufacturing a controlled substance. He was sentenced to a term of 17 years plus a consecutive term of 40 months.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on December 18, 2008, in which Petitioner

---

[1] This information is derived from the petition for writ of habeas corpus and exhibits to the petition.

was found guilty of possessing a weapon.

On April 16, 2008, a building search was conducted in Unit 6 at California State Prison, Solano. As part of the search, mattresses were removed from each cell, marked with a red permanent marker, and transported to a facility where they were scanned by an X-ray machine. During the scan of Petitioner's mattress, Correctional Officer M. Hook discovered a piece of metal. The metal object measured 5 inches long and one inch wide and was sharpened to a point. It was located concealed within plastic wrap and toilet paper in the mattress. Officer Hook marked the weapon and placed it into an evidence locker.

The matter was referred to the Solano County District Attorney's Office for felony prosecution. On November 18, 2008, the district attorney's office notified prison authorities that the case was dismissed. On December 2, 2008, after Petitioner received notification of the dismissal, he requested a 30-day postponement of the disciplinary hearing. The postponement was granted and the hearing was held on December 18, 2008.

At the hearing, Petitioner acknowledged he received all relevant documents more than 24 hours prior to the hearing, stated he understood the charges, and stated he was ready to proceed. A staff assistant was not assigned given there was no need for one, and Petitioner acknowledged the same. An investigative employee was assigned and his report was reviewed at the hearing. Petitioner requested Reporting Employee Officer M. Hook, Correctional Officer Chavez, and Correctional Sergeant Broom as witnesses. The request was granted as to Officer Hook and Sergeant Broom, but denied as to Officer Chavez. Photos of the metal object were entered into evidence. Petitioner stated he was not guilty and had nothing to do with the weapon. Officer Hook testified and denied the existence of any marks on Petitioner's mattress aside from the red permanent marker notation. Sergeant Broom testified that Petitioner told him something to the effect that the weapon was not his or that the weapon was already there. Petitioner was found guilty of the charges and assessed a credit forfeiture of 360 days as well as an elevated custody status.

Petitioner administratively appealed the decision through all levels up to the Director's Level. His appeals were denied.

On October 15, 2009, Petitioner filed a petition for writ of habeas corpus in the Kings County

Superior Court. The petition was denied on December 9, 2009, in a reasoned decision. He then filed a petition for writ of habeas corpus in the California Court of Appeals, First Appellate District. The petition was summarily denied on April 22, 2010. Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. The petition was summarily denied on July 14, 2010.

On July 11, 2011, Petitioner filed the instant federal habeas petition in this Court. Petitioner presents the following claims for relief: 1) He claims the superior court failed to issue an order to show cause and hold an evidentiary hearing with respect to disputed facts in violation of his due process rights; 2) He alleges he was denied the right to a finding of guilt based on a showing of sufficient evidence; 3) He contends he was denied his constitutional right to due process when the hearing officer rejected his request to call Officer Chavez as a defense witness; 4) He claims he was denied his due process right to investigate and prepare his defense.

**DISCUSSION**

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Solano State Prison, California. At the time of filing, Petitioner was housed at Pleasant Valley State Prison, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional

violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

III.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

IV.  Review of Petition

Petitioner contends he was wrongly found guilty of possessing a weapon.  The petition is without merit as it is clear all due process requirements were met.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

The first and third due process requirements are not at issue in this case.  However, Petitioner contends he was denied the second requirement because his requests for witnesses were denied.  The record reflects that Petitioner requested three witness: Reporting Employee Officer M. Hook, Correctional Officer Chavez, and Correctional Sergeant Broom.  The request was granted as to Officer Hook and Sergeant Broom, but denied as to Officer Chavez.  Petitioner contends Officer Chavez could have testified to Petitioner's cell-mate's character based on the officer's prior dealings with the cell-mate.  The hearing officer determined that Officer Chavez was unnecessary since he was not being asked to provide any testimony relevant to the incident.  Given that Officer Chavez could not offer any information concerning the actual discovery of the weapon in Petitioner's mattress, the hearing officer's decision was entirely reasonable and certainly did not amount to a

1   violation of due process.  Petitioner also contends Sergeant Henry should have been called at the
2   hearing; however, Petitioner concedes he did not request Sergeant Henry's appearance at the hearing.
3         Petitioner also raises numerous arguments concerning the preparation of his defense.  He
4   states an investigative employee was not appointed until the district attorney's office had dismissed
5   the charges, and by then, any exculpatory evidence was either stale or unavailable.  He claims inmate
6   witnesses could have been called, search receipts and documents could have been produced, and the
7   mattress could have been recovered.  Petitioner's allegations are entirely speculative.  He does not
8   identify the inmate witnesses who could have testified or what they would have shown, and he does
9   not state what the search receipts and documents would have proven.   Officer Hooks testified at the
10  hearing that the mattress was immediately destroyed after recovery of the metal weapon.  Thus, there
11  was no mattress to recover.  More importantly, the record of the hearing shows that Petitioner was
12  given the opportunity to present evidence and call witnesses in his defense.  Only Petitioner's request
13  for Officer Chavez was denied, and as previously discussed, this did not constitute a violation of due
14  process.
15        Next, Petitioner claims the guilty finding was not supported by the evidence.  As noted
16  above, due process requires only that the decision be supported by "some evidence."  Hill, 472 U.S.
17  at 455.  In this case, there was ample evidence supporting the guilty finding.  Officer Hooks stated
18  that prior to their removal from the cells, the mattresses to be scanned were marked with a red
19  permanent marker identifying the inmate to which the mattress belonged.  During a scan of one
20  mattress, he discovered a metal weapon.  The mattress was marked "6-128-L."  This notation
21  signified that the mattress belonged to Petitioner.  The weapon was seized, marked, photographed,
22  and stored in an evidence locker.  Given this testimony, Petitioner fails to show that the guilty
23  finding was not supported by "some evidence" from which a rational trier of fact could have
24  determined that the weapon belonged to Petitioner.
25        Petitioner also claims the superior court failed to issue an order to show cause and hold an
26  evidentiary hearing with respect to disputed facts; however, the claim does not merit consideration
27  since it does not implicate his federal due process rights.  As discussed above, all due process
28  requirements were satisfied and the guilty finding was supported by "some evidence."  Accordingly,

1 Petitioner's claims are plainly without merit and the petition should be denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with the Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 28, 2011**                              **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE